SHEA v. HEDDEN CONST. CO.

(Supreme Court, Appellate Term. November 29, 1907.)

MASTER AND SERVANT—INJURY TO SERVANT—NEGLIGENCE—EVIDENCE.

Where, in an action for injuries to an employé falling from a scaffold, there was no evidence that the scaffold was defective, and the proof showed that the proximate cause of the injuries was the employé's misstep from a plank of the scaffold, and that after the accident he admitted that the fall was due to the fact that he had been drinking, the employé failed to establish a cause of action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 987–996.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Daniel Shea against the Hedden Construction Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Frank V. Johnson (Allen E. Brosmith, of counsel), for appellant.
Cavegan & McQuaid (Joseph L. Dougherty, of counsel), for respondent.

PER CURIAM. This action was brought to recover damages for personal injuries alleged to have been sustained by plaintiff while in the employ of defendant as a hod carrier on a building in course of construction. The pleadings are oral. The complaint stated was "negligence, personal injuries." The answer is "general denial, bill of particulars." The statement in the plaintiff's bill of particulars, designed to set forth the alleged negligence, is as follows:

"That at the time he [plaintiff] was injured he was in the employ of defendant as a laborer, and was working on the ground or street floor of said building, and by reason of the negligence of defendant plaintiff fell from said floor where he was working into the basement of said building."

It appears from the evidence that at the time of the accident the plaintiff was carrying mortar in a hod from the sidewalk to the masons at work on a scaffold on the first floor of the iron beams; that he stood upon two planks, each of which was from 8 to 10 inches wide, laid

with the ends resting upon two mortar tubs; that the scaffold upon which plaintiff was dumping the mortar was about 5 feet above the planks upon which he stood. The following is plaintiff's description of the accident, viz.:

"Q. Describe what you fell from. A. I fell from the plank. Q. What plank? A. A scaffold plank. Q. And how did you come to fall? A. I made a misstep."

Testimony was offered as to the nature of plaintiff's injuries, and the trial court fixed the damages at $30. The record contains no evidence of any defect in the planks, or fault in the position in which they were placed, or that they broke or gave away. The evidence will not sustain a conclusion that the place upon which he stood at the time he fell was insecure or defective. A careful consideration of the entire evidence points to the conclusion that the proximate cause of plaintiff's injuries was his misstep from the plank. Moreover, evidence was elicited tending to show that plaintiff admitted, after the accident, that his fall was due to the fact that he had been drinking. Plaintiff failed to make out a cause of action, and the judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.